## Bratkovich v. Bratkovich

*Philip N. Shelapinsky*, for plaintiff.
*John M. O'Connell, Jr.*, for defendant.

SCHERER, *J.*, July 8, 1982 — This case comes before the court upon preliminary objections filed by defendants in an action for specific performance with regard to the purported sale of certain real property.

Defendants, as owners of a certain tract of land, purportedly entered into a parol understanding with the plaintiffs.

Defendants in their preliminary objections rely upon defense of the statute of frauds. More particularly, defendants argue that the memorandum attached to plaintiff's complaint and marked Exhibit "A" does not show a contract between the parties with reasonable certainty.

We believe the instant matter is controlled by the ruling of the Pennsylvania Supreme Court in Suchan v. Swope, 357 Pa. 16, 53 A.2d 116 (1947).

"In his attempt to defeat the present action Ray seeks recourse to the Statute of Frauds, claiming that the receipt of March 30, 1945, which referred to the property being sold as "my farm" did not sufficiently describe it to permit of a decree of specific performance. This contention cannot be sustained . . . The designation "my farm" under the circumstances of the present case, is clearly sufficient to satisfy the statute."

The receipt in the present case "Exhibit A" makes an even clearer reference to the property in question than the "my farm" designation in Suchan. In the instant case the reference is to "partial payment on property in Claridge".

The instant factual situation falls within the ambit of proposition set forth in Suchan regarding the sufficiency of a memorandum with regard to the statute of frauds.

## ORDER OF COURT

And now, this July 8, 1982, it is hereby ordered, adjudged and decreed that defendants' preliminary objections are dismissed.